<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARRELL BRACEY,<br><br>      Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Civil Action No. 13-5705 (WJM)<br><br><br>OPINION |

**APPEARANCES**:

    DARRELL BRACEY , #30250-037
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ   08640

<u>**MARTINI, District Judge**</u>:

Darrell Bracey filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed by judgment filed in 1995 in the United States District Court for the District of Maryland.  *See United States v. Bracey,* 104 F.3d 359 (4th Cir. 1996), *cert. denied,* 520 U.S. 1193 (1997).   Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction under 28 U.S.C. 2241.

## I.   BACKGROUND

In 1995, after a jury found him guilty of conspiracy to distribute heroin and cocaine, United States District Judge Deborah K. Chasanow sentenced Bracey to a 360-month term of imprisonment.  *See Bracey*, 104 F.3d 359.   Bracey appealed, and on December 30, 1996, the Fourth Circuit affirmed the conviction and sentence.  *Id.*   On April 21, 1997, the United States

Supreme Court denied Bracey's petition for certiorari. *See United States v. Bracey,* 520 U.S. 1193 (1997) (No. 96-8406).

Beginning in December 1997, Bracey repeatedly challenged his conviction through various court filings. First, he filed a *pro se* motion to vacate the sentence, pursuant to 28 U.S.C. § 2255, in the sentencing court. *See United States v. Bracey,* Civ. No. 97-4289 (DKC) (D. Md., filed Dec. 19, 1997). On September 8, 1999, Judge Chasanow denied the motion. *See United States v. Bracey,* Civ. No. 97-4289, 2009 WL 4884523 (D. Md. Dec. 9, 2009). On September 18, 2000, the Fourth Circuit denied Bracey's request for a certificate of appealability on his § 2255 motion. *See United States v. Bracey,* 230 F.3d 1355 (4th Cir. 2000). In 2009, Judge Chasanow denied another of Bracey's motions, pursuant to Fed. R. Civ. P. 60(b), for relief from the order denying his § 2255 motion. *See Bracey,* Civ. No. 97-4289, 2009 WL 4884523 (D. Md. Dec. 9, 2009). Next, Bracey filed two habeas corpus petitions, pursuant to 28 U.S.C. § 2241, challenging his sentence. On June 21, 2012, and July 2, 2012, Judge Chasanow denied for lack of jurisdiction both of Bracey's petitions. *See Bracey v. Warden,* Civ. No. 12-0760 (DKC), 2012 WL 2370202 (D. Md. June 21, 2012); *Bracey v. Warden,* Civ. No. 12-1356 (DKC), 2012 WL 2579340 (D. Md. July 2, 2012).

On September 16, 2013, Bracey, who is now incarcerated in New Jersey, signed (and, under the "mailbox rule," filed) the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, presently before this Court. (Petition, ECF No. 1.) Relying on *Alleyne v. United States,* 133 S.Ct. 2151 (2013), Bracey argues that this Court should vacate his conviction and sentence because the government failed "to submit the drug amount to satisfy a mandatory minimum sentence to the trial jury, for purposes of acquiring a finding of 'beyond a reasonable doubt'

2

[which] is essential to due process to sustain the imposition of a . . . 'mandatory minimum sentence.'" (Petition, ECF No. 1 at 1.)  He further argues that § 2255 is inadequate or ineffective for his claim because he had no opportunity to raise it prior to *Alleyne*.  *Id.* at 2, 4-8.

### III.   DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Nevertheless, a challenge to the validity of a federal conviction or sentence must generally be brought under 28 U.S.C. § 2255.  *See Davis v. United States*, 417 U.S. 333 (1974); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e); *see Cradle v. U.S. ex rel. Miner*, 290 F.3d 536 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); *Millan-Diaz v. Parker*, 444 F.2d 95 (3d Cir. 1971); *Application of Galante*, 437 F.2d 1164 (3d Cir. 1971) (*per curiam*); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954).

Section 2255 is "not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Cradle,* 290 F.3d at 539.  Rather, a § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application."  *Okereke*, 307

3

F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).   For example, in *Dorsainvil*, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in *Bailey v. United States*, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued *Bailey* after Dorsainvil's § 2255 motion was denied on the merits, and after the Third Circuit determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.   The Third Circuit reasoned that "[a] Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."   *Dorsainvil*, 119 F. 3d at 250

Bracey's claim – the sentencing court violated the Sixth Amendment, as interpreted in *Alleyne*, by failing to submit a fact that increased Bracey's mandatory minimum sentence to a jury - is within the scope of claims cognizable under § 2255.   Accordingly, this Court lacks jurisdiction to entertain his claim under § 2241 unless Bracey shows that § 2255 is an inadequate or ineffective remedy.   *See* 28 U.S.C. § 2255(e).   Section 2255 is not inadequate or ineffective for this claim because Bracey does not contend that, as a result of *Alleyne* (or another Supreme Court ruling subsequent to his § 2255 motion), the conduct for which Bracey was convicted – conspiracy to distribute heroin and cocaine – became non-criminal.   *See Okereke,* 307 F.3d at 120 (holding that § 2255 is inadequate or ineffective only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application."); *Dorsainvil*, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one

4

whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). Moreover, *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), in which the Supreme Court held that a defendant has a right under the Sixth Amendment to a jury finding beyond a reasonable doubt of all facts that increase the sentence beyond the statutory maximum. *Alleyne* applied *Apprendi* to facts that increase the mandatory minimum sentence, and the Third Circuit held in *Okereke* that a district court lacks jurisdiction to entertain an *Apprendi* claim under § 2241. Just as in *Okereke,* it follows that this Court lacks jurisdiction to entertain an *Alleyne* claim under § 2241. Indeed, the Third Circuit so held in *Jackman v. Shartle,* __ F.App'x __, 2013 WL 4419333 (3d Cir. Aug. 20, 2013). This Court will dismiss Bracey's § 2241 Petition because he has not shown that § 2255 is an inadequate or ineffective remedy for his challenge to his sentence. *Id.*

### III. CONCLUSION

This Court dismisses the Petition for lack of jurisdiction.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: October 8, 2013